IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRENCE S. HOWE, )
) No. 12-93
)
V.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY.

**OPINION AND ORDER**

In this action, Plaintiff filed a Title II application for disability benefits, and a Title XVI application for SSI income. The alleged date of onset was June 19, 2008. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's will be granted, and Defendant's denied, and this matter remanded for rehearing.

**I.   APPLICABLE STANDARDS**

From the outset, I note that the record of a disability determination for an unrepresented claimant must be reviewed with a "heightened level of care." Early v. Heckler, 743 F.2d 1002, 1008 (3rd Cir. 1984). Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

> Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" In evaluating

whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'

Venturini v. Astrue, No. 9-987, 2011 U.S. Dist. LEXIS 29705, 2-3 (W.D. Pa. Mar. 23, 2011) (citations omitted).

## II.    WAIVER OF RIGHT TO COUNSEL

A claimant has a statutory and regulatory right to counsel at a social security disability hearing. 42 U.S.C. § 406, 20 C.F.R. § 404.1705.  A claimant must be given notice of the right to counsel, and the right may be waived only by knowing, voluntary, and intelligent waiver. Vivaritas v. Comm'r of Soc. Sec., 264 Fed. Appx. 155, 157 (3d Cir. 2008).  Lack of counsel is sufficient ground for remand if the claimant demonstrates that he was prejudiced thereby.  Our Court of Appeals, and my sister courts, have repeatedly held that a claimant was sufficiently advised of his right to counsel when he had received multiple written notifications of that right, including SSA Publication No. 05-10075, "Your Right to Representation." See, e.g., Boyd v. Barnhart, 98 Fed. Appx. 146, 147 (3d Cir. 2004).  Here, the record reflects that Plaintiff received multiple notifications, and the ALJ advised him of the right at the hearing, and offered to postpone the hearing so that he could obtain counsel.

The exchange that occurred at the hearing, however, gives me pause.  In particular, Plaintiff and the ALJ engaged in the following discussion:

Plaintiff: I really didn't know I was supposed to have representation.

ALJ:    Well, they sent you a letter where they said if you want to get representation, and they provided you with a list of professional organizations to contact, so you have to tell me if you want to go ahead today without representation, and if you want to have this rescheduled, it will be maybe by the end of Decemeber, possibly January 2011, that we'll have this case rescheduled. Because we are very ahead of the schedule with my docket, so you let me know which way you want to go.

Plaintiff:  I think I'd probably be better with representation.

ALJ:     Okay, but you know if I give you that opportunity, would be the first and the last one that I give you.  You are not having more postponements, and you have to be ready next time.  I see here in Exhibit 5-B….it's very clear that on December the 11th, 2009, they indicated you---you had the ride [sic] to be represented by an attorney or other representative of your choice.

Plaintiff: I thought I sent that letter back in and said yes.

ALJ: Yeah, but the thing is, did you find someone?  Because I don't have anything here that you found someone to represent you, because we're not giving you a representation – you have to –

Plaintiff:  See, that's what I thought you guys were.

ALJ:  No, no, no.  You have to look at it on your own and there is a list of professional organizations to contact.

Plaintiff:   Okay.

ALJ:  So, that's what you want to do at this time, Mr. Howe?  You let me know, because I have the list of professional contacts, and also you will have to sign a statement that would be the first and last time I'll give you a postponement.  Because you have to be ready next time.  So, you let me know which way you want to go.

Plaintiff: We might as well proceed with it.

Thus, Plaintiff stated his belief that he had expressed a desire for counsel, thought that was sufficient, and that he preferred representation.  I need not decide, however, whether his ultimate decision to proceed constitutes an effective waiver, because in either case, I must assess whether there was unfairness in the administrative proceeding due to the lack of counsel.  Jozefick v. Shalala, 854 F. Supp. 342, 347 (M.D. Pa. 1994).  If such unfairness was present, an effective waiver does not preclude remand.  Id.

Waiver or no, an ALJ has a heightened duty to develop the record when a claimant is pro se.  Id.;  Mayes v. SSA, 190 Fed. Appx. 183, 186 (3d Cir. 2006).  Social Security disability determinations are "investigatory, or inquisitorial, rather than adversarial."  Butts v. Barnhart,

388 F.3d 377, 386 (2004). Thus, "the ALJ must scrupulously and conscientiously probe into, inquire of and explore for all the relevant facts." Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). "If it is clear that the lack of counsel prejudiced the claimant or that the administrative proceeding was marked by unfairness due to lack of counsel, this is sufficient for remand, or reversal." Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980). "Implicit within this 'heightened level of care' is an affirmative obligation to assist the claimant in developing a complete administrative record." Pryor v. Astrue, No. 8-312, 2009 U.S. Dist. LEXIS 26010, at *12 (W.D. Pa. Mar. 27, 2009). Moreover, the ALJ's heightened duty includes "advising the pro se plaintiff on the importance of evidence from his or her treating physician." Orner v. Astrue, 10-3083, 2011 U.S. Dist. LEXIS 14540, at *25 (E.D. Pa. Aug. 25, 2011).

In this case, Plaintiff asserts that the ALJ failed in this duty, because the only medical opinion of functional limitations was that of a non-examining agency review physician. The hearing occurred on July 20, 2010. The ALJ recognized records from Plaintiff's treating physicians, Community Family Practice, from 2008 through December 14, 2009. She asked whether they were still treating him. He said, "Yes, ma'am." She then asked whether Plaintiff had any additional records from 2010 from that practice. Plaintiff stated, "2000 and – No, I think these were all—" The ALJ then asked, "Okay, so this record is complete then? The record is complete?" and Plaintiff answered affirmatively. Thus, despite the fact that the Plaintiff stated that he was still under the care of Community Family Practice at the time of the hearing, and that he had characterized the physician there as his primary and "main" doctor, the hearing proceeded without the benefit of six months of recent records from that practice. Moreover, Plaintiff stated that he had recently seen a pain management doctor, and had received a recent injection. Plaintiff never clearly answered the ALJ's inquiry regarding when he began seeing

that doctor.  Further, it is does not appear that the pain physician's records were sought or produced.  Lastly, as the non-examining consultant noted, the file contained no statements of physical capacities from any examining source.

While these gaps in the medical record might not alone suffice as grounds for remand, other elements of unfairness relate to the lack of counsel in this case.  For example, remand is warranted when the ALJ fails to inquire into an unrepresented claimant's "ability to perform the physical requirements of such [medium] work. Although the ALJ generally asked plaintiff about his daily activities, … and asked whether he had difficulty sitting or standing, …he did not ask plaintiff specific questions concerning his ability to perform the physical requirements of basic work activities such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." Venturini, 2011 U.S. Dist. LEXIS 29705, at **8-10.  Here, the hearing lasted thirty-five minutes, including the ALJ's brief examination of a vocational expert.  The ALJ brought out many pertinent points, but never asked specific questions about certain activities related to the RFC.  While lengthiness is certainly not necessarily equivalent to thoroughness, the brevity of the proceeding is informative.  Finally, a claimant has the right to cross-examine vocational experts as a part of procedural due process.  See Gauthney v. Shalala, 890 F. Supp. 401 (E.D. Pa. 1994).  Here, Plaintiff was not advised that he could ask any questions of the VE, and did not do so.

As a final note, I address Defendant's suggestion that the form submitted on appeal, and the substantial evidence of record, demonstrate that Plaintiff suffered no prejudice.  Remand might be appropriate, however, when absent evidence "might be expected to yield some [helpful] data," "without requiring the claimant to make a specific proffer of the evidence that would be presented to the ALJ on remand." Jozefick, 854 F. Supp. at 349 (quoting Coulter v. Weinberger,

527 F.2d 224 (3rd Cir. 1975)). The evidentiary gaps in this matter, if filled, might be expected to yield helpful data. Considering this fact along with other matters discussed supra, I find that remand is appropriate here.

## CONCLUSION

Although I offer no opinion regarding Plaintiff's likelihood of prevailing on remand, I find that remand is necessary to ensure that unfairness during the initial hearing taints Plaintiff's ability to establish disability. Accordingly, this matter will be remanded for rehearing and for further development of the record consistent with the foregoing Opinion.

## ORDER

AND NOW, this 14th day of February, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that this matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court